IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID W. POWERS,<br>Register No. 158466, | )<br>)<br>) | |
| Plaintiff, | ) | |
| v. | )<br>) | No. 04-4276-CV-C-NKL |
| JILL McGUIRE, Superintendent,<br>Tipton Correctional Center, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are Jill McGuire, Superintendent, Tipton Correctional Center (TCC); Kelly Dills, Parole Supervisor, TCC; Dennis Agniel, Chairman, Board of Probation and Parole; and Gary Kempker, Director, Missouri Department of Corrections.

Plaintiff alleges that he was denied timely parole, in violation of his due process rights. Plaintiff alleges the Board of Probation and Parole denied his conditional release date based upon false information that he had been previously convicted for the crime of domestic assault. Plaintiff alleges that he was charged with domestic assault at one time, but that such charges were subsequently dropped. Therefore, plaintiff alleges that the Board's reliance upon such false information denied him due process with regard to his conditional release/parole being denied.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison

Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff is granted provisional leave to proceed in forma pauperis, based upon his indigent status, his claims should be dismissed for failure to state a claim on which relief may be granted.

To establish a Fourteenth Amendment due process violation, a plaintiff must first demonstrate that he was deprived of life, liberty or property by governmental action. *Phillips v. Norris*, 320 F.3d 844, 846 (2003) (citing *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)). Plaintiff's claims clearly do not allege a deprivation of life or property; therefore, plaintiff must have a liberty interest in order to sustain a due process claim. "Missouri's conditional release statute, Mo. Rev. Stat. § 558.011, does not create a liberty interest. *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). *See also Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release). "If a statute only mandates that state officials follow certain procedure or take into account certain factors, but specifically provides that the prisoner's release is nevertheless discretionary with the board, as evidenced by the use of discretionary language, then no protected liberty interest has been created." *Dace*, 816 F.2d 1280-81. Section 558.011 contains discretionary language allowing the board of probation and parole to extend a prisoner's conditional release up to a maximum of the entire sentence of imprisonment; therefore, a Missouri prisoner has no liberty interest in being conditionally released. *Id.*; *Johnson*, 92 S.W.3d at 113-14.

Plaintiff's claims as to his conditional release/parole being denied fail to establish a liberty interest; therefore, Fourteenth Amendment due process is not implicated. Plaintiff's

2

claims of denial of due process with regard to his denial of conditional release/parole fail to state a claim on which relief may be granted.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $150.00 filing fee established for civil cases. Plaintiff is now warned that the court will collect the entire $150.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 29th day of December, 2004, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3